IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JIMMY EUGENE RHODES,**

    **Petitioner,**

vs.                                                                                 Case No. 17–cv–562–DRH

**WARDEN, USP MARION**
        **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    This matter is before the Court on Respondent's Motion to Dismiss for Failure to State a Claim, filed on July 26, 2018. (Doc. 23). Petitioner filed a response to the motion on August 8, 2018, (Doc. 25), and the motion is now ripe for disposition. For the following reasons, Respondent's Motion to Dismiss is **DENIED**. (Doc. 23).

## Introduction and Procedural History

    Petitioner brought this action on May 30, 2017. (Doc. 1). Petitioner argues that the continuing use of his prior convictions for second degree burglary in Oklahoma to enhance his sentence under the Armed Career Criminal Act (ACCA) and the career offender sentencing guidelines violates his constitutional rights in light of the holding of *Mathis v. United States*, 136 S.Ct. 2243 (U.S. 2016). (Doc. 1, p. 2); *see also United States v. Rhodes*, 01-cr-0202-R (W.D. Okla.). Specifically, Petitioner argues that the elements of Oklahoma second degree

burglary are more broad than "generic" burglary under the ACCA and the career criminal guidelines in light of *Mathis*. (Doc. 1, p. 6). He also argues that the residual clause is unconstitutional in light of *Johnson v. United States*, 135 S.Ct. 2251 (2015). *Id*.

Petitioner filed a direct appeal of his conviction, which was denied on April 23, 2003. (Doc. 1, p. 2). Petitioner's request for certiorari was denied on October 6, 2003. (Doc. 1, p. 3). After he exhausted his direct appeal, Petitioner filed a § 2255 motion in the district court, alleging that he was denied effective assistance of counsel. (Doc. 1, p. 4). That petition was denied on January 5, 2005. *Id*.

In 2010, Petitioner moved the 10th Circuit to allow him to file a second or successive § 2255 motion, but the request was denied. *Id*.

Petitioner filed a successive § 2255 motion citing *Johnson* on May 13, 2016. (Doc. 1, p. 6) (Doc. 23, p. 4)[1]. He simultaneously filed a motion in the appellate court seeking leave to file the § 2255 motion, which the appellate court granted on July 12, 2016. (Doc. 23, p. 4). The district court then denied the § 2255 motion on April 18, 2017. *Id*. Petitioner appealed the denial of his § 2255 motion on April 27, 2017, but then went ahead and filed this action while the appeal was pending. *Id*. After a brief stay of this matter, the 10th Circuit ultimately affirmed the district court's denial of the § 2255 Petition. (Doc. 23, pp.4-5).

---

[1] Respondent argues that this motion raised *Mathis*, but it was filed prior to the *Mathis* decision. It appears that Petitioner raised *Mathis* for the first time in his reply brief.

## The Motion

Respondent argues that the Petition fails to state a claim because Petitioner has not triggered the savings clause in § 2255(e), so as to properly invoke § 2241. (Doc. 23, pp. 7-8). Respondent characterizes the Petition as "rel[ying] on the authority of *Mathis v. United States*, 579 U.S. --, 136 S.Ct. 2243 (2016) to claim that his sentence is improper in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (U.S. 2015)." (Doc. 23, p. 2).

Respondent argues that Petitioner has failed to satisfy the savings clause because he relies on a decision that he has already invoked in a § 2255 proceeding, specifically *Johnson*. (Doc. 23, p. 6). Because Petitioner has previously raised *Johnson*, Respondent argues that this matter should be dismissed. *Id*.

Petitioner responds by arguing that Respondent misrepresents his Petition, and the circumstances surrounding the denial of his previous § 2255 proceeding. (Doc. 25, p. 1). Petitioner asserts that he only relies on *Mathis*, and not *Johnson*. *Id*. He goes on to argue that he was precluded from raising *Mathis* in the prior proceeding, which justifies his current Petition under the savings clause. (Doc. 25, p. 2). Moreover, since his appeal of the result of the § 2255 proceeding was denied, the 10th Circuit has decided *Hamilton*, which found that the Oklahoma burglary statute is broader than the generic version of burglary. *Id*. *United States v. Hamilton*, 889 F.3d 688, 693 (10th Cir. 2018).

**Discussion**

The Motion to Dismiss must be denied because Respondent has mischaracterized the nature of the Petition. Respondent argues that Petitioner has not triggered the savings clause because he invokes a case that he has already cited to in a § 2255 proceeding, specifically *Johnson*. *Johnson* discusses vagueness considerations with regards to the residual clause of the ACCA. 135 S.Ct. 2551 (2015). It is true that Petitioner's most recent § 2255 motion relied on that issue.

But this case addresses a distinct issue–whether the Oklahoma state burglary statute is broader than the generic crime of burglary. This implicates the enumerated clause of the ACCA, not the residual clause. The 10th Circuit's decision on Petitioner's prior appeal found that Petitioner had been sentenced under the ACCA under the enumerated clause, consequently denying his appeal under *Johnson* because the residual clause was not implicated. *United States v. Rhodes*, 721 F. App'x 780, 782 (10th Cir. 2018). In a footnote, the appellate court cited the previous case controlling the application of the enumerated clause, *Taylor v. United States*, 495 U.S. 575, 598 (1990), and then went on to note that it expressed no opinion regarding *Mathis*' application. *Rhodes*, 721 F. App'x at 782, n. 2.

Moreover, Petitioner's § 2255 motion clearly rested on *Johnson*. It appears that Petitioner raised *Mathis* in his reply, but the district court declined to

address that issue because it found that *Mathis* did not invoke a new rule of constitutional law. *United States v. Rhodes*, CIV-16-799-R, 2017 WL 1393743 at *2 (W. D. Okla. Apr. 18 2017). One fundamental difference between § 2255 motions and § 2241 petitions is that § 2241 provides a vehicle to raise new cases of statutory construction that have been deemed retroactive. So while it may have been correct for a district court hearing a successive § 2255 motion to decline to address the application of *Mathis*, it does not follow that the issue may not be raised in a § 2241 petition. Moreover, despite a fleeting reference to *Johnson*, this Petition clearly relies on *Mathis*. *Mathis* raises a distinct legal issue from *Johnson*, although the two both address the proper interpretation of the ACCA. The Court finds that Petitioner has raised a distinct issue from his prior habeas proceeding. Accordingly, the invocation of *Johnson* in his prior proceeding does not preclude him from triggering the savings clause with respect to this action because he relies on *Mathis*.

**IT IS HEREBY ORDERED** that Respondent's Motion to Dismiss is **DENIED**. Respondent shall answer the § 2241 petition (Doc. 1) or otherwise plead within thirty days of the date this Order is entered.

**IT IS SO ORDERED.**

Judge Herndon
2018.09.25
14:31:13 -05'00'

**United States District Judge**