IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMY EUGENE RHODES, #15025-064, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 17-cv-0562-SMY |
| ) | |
| WARDEN, USP-MARION, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on Petitioner Jimmy Eugene Rhodes' Renewed Motion for Resentencing and Immediate Release,[1] docketed January 3, 2020. (Doc. 36). Rhodes remains incarcerated at the USP-Marion. On November 5, 2019, this Court granted Rhodes' Habeas Corpus Petition filed pursuant to 28 U.S.C. § 2241, vacating his career-offender-enhanced 260-month sentence imposed for Counts 1 and 3 by the Western District of Oklahoma in Case No. 01-cr-202-R-1 and ordering that he be resentenced by the Western District of Oklahoma. (Doc. 34).

This Court's Order was docketed in Rhodes' criminal case (Case No. 01-cr-202-R (W.D. Okla.)) at Doc. 157. The Government subsequently filed a Motion to Strike Judge Yandle's Order (Doc. 160), and Rhodes responded by filing a Motion for Immediate Release (Doc. 161). On December 19, 2019, Judge David L. Russell denied both motions, stating:

> Just as this Court lacks the authority to strike Judge Yandle's Order, Judge Yandle lacks the authority to order this Court to vacate Mr. Rhodes' sentence or his sentencing enhancement or to resentence him. It is simply beyond the scope of her authority. *See Hill v. Sepanek*, 2017 WL 73338, *8 (E.D. Ky. January 6, 2017) ("This Court cannot compel another court [to resentence defendant.]")[.]

---

[1] It appears that Rhodes titled his motion as "Renewed" as a reference to his earlier filing of a motion for immediate release in the Western District of Oklahoma (Doc. 161 in his criminal case), as he had not previously moved for immediate release in this Court.

1

*U.S. v. Rhodes*, Case No. 01-cr-202-R (W.D. Okla. Dec. 19, 2019, Doc. 162) (additional citations omitted).

Rhodes now argues that the Western District of Oklahoma's refusal to honor this Court's order vacating the sentence was in error and requests *this* Court to resentence him in his criminal case and order his immediate release. (Doc. 36). However, this Court lacks the power to override the Western District of Oklahoma's decision in its own criminal case – only the appropriate appellate court has the authority to do so. If a litigant is dissatisfied with a court's disposition of his case or of a post-judgment motion, his remedy is to appeal the order in question.

Rhodes has the right to appeal this Court's Order to the United States Court of Appeals for the Seventh Circuit as set forth below. Likewise, he may appeal the Western District of Oklahoma's denial of his motion, providing it is still possible for him to do so within the applicable time limits for a criminal case.[2]

District courts (and federal appellate courts) often disagree on matters of legal interpretation, as is illustrated in the differences between this Court's ruling and that in Rhodes' criminal case. Rhodes is correct that the Southern District of Illinois, where he has been incarcerated since the time he filed this action, was the only jurisdiction where he could have brought his § 2241 petition. *See Morales v. Bezy*, 499 F.3d 668, 670 (7th Cir. 2007) (§ 2241 petition "must be filed in the district in which the petitioner is confined rather than in the one in which he was sentenced") (discussing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004)). As such, this Court had jurisdiction to rule on Rhodes' habeas challenge to his sentence in accordance with Seventh Circuit precedent and with reference to Tenth Circuit jurisprudence. In that vein, the

---

[2] An appeal from an order in a habeas corpus case is governed by Rule 4(a) of the Federal Rules of Appellate Procedure (the subsection applying to civil cases). Appeals from an order in a criminal case, however, must comply with the time limits in Rule 4(b) of the Federal Rules of Appellate Procedure.

undersigned determined that Rhodes was entitled to be resentenced without the Armed Career Criminal enhancement because his Oklahoma second-degree burglary convictions can no longer count as predicate offenses for such enhancement. (Doc. 34, pp. 13-16). However, this Court cannot directly intervene in Rhodes' criminal case in the Western District of Oklahoma by resentencing him. It has been the practice of this Court as well as the other district courts in this circuit to refer an order granting habeas corpus relief to the original sentencing court for subsequent proceedings.[3] Rhodes' motion provides no convincing basis to depart from this approach.[4] **IT IS THEREFORE ORDERED** that Petitioner Rhodes' Renewed Motion for Resentencing and Immediate Release (Doc. 36) is **DENIED**.

If Rhodes wishes to appeal from the denial of this motion, his notice of appeal must be filed with this Court within 60 days of the entry of this Order. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Rhodes does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*,

---

[3] *See, e.g.*, *Chazen v. Williams*, No. 17-cv-447, 2018 WL 3575884, at *5 (W.D. Wis. July 25, 2018), *aff'd sub nom. Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019); *Jahns v. Julian*, 305 F. Supp. 3d 939, 944-45 (S.D. Ind. 2018); *Baccam v. Werlich*, Case No. 18-cv-1150-CJP (S.D. Ill. Sept. 6, 2018, Doc. 17); *Mitchell v. Warden, FCI-Greenville*, Case No. 19-cv-539-RJD (S.D. Ill. Nov. 12, 2019, Doc. 22); *Collins v. Werlich*, Case No. 19-cv-685-SMY (S.D. Ill. Dec. 18, 2019, Doc. 14). In cases where this Court ordered a prisoner convicted in another district to be immediately released upon the grant of a habeas petition, the Government conceded that immediate release was proper. *See, e.g.*, *Bass v. True*, Case No. 17-cv-255-DRH-CJP (S.D. Ill. June 12, 2019, Doc. 10); *Stoldorf v. Werlich*, Case No. 17-cv-945-DRH-CJP (S.D. Ill. Dec. 4, 2017, Doc. 12); *Keys v. Werlich*, Case No. 19-cv-94-NJR (S.D. Ill. April 22, 2019, Doc. 13). In Rhodes' case, the Government made no such concession.

[4] Rhodes' argument, based on 28 U.S.C. § 2241(d), that this Court shares concurrent jurisdiction in the matter with the Western District of Oklahoma is misplaced. (Doc. 36, p. 3). Section 2241(d) applies only to a habeas petition filed by a "person in custody under the judgment and sentence of a State court" – Rhodes is a federal prisoner, not a state prisoner.

547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Rhodes to obtain a certificate of appealability in this § 2241 action. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: January 10, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**